## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,                         CRIMINAL ACTION

   Plaintiff

VERSUS                                            NO. 14-40

DONALD NIDES                                      SECTION "E"

   Defendant

### ORDER AND REASONS

The Court has pending before it Defendant Donald Nides' (1) Motion to Dismiss Counts 4, 5 and 6 and to Strike Overt Acts 6 Through 10 of Count 1 of the Indictment,[1] and (2) Motion to Review Magistrate's Ruling.[2]  The Court has reviewed the briefs, the record, and the applicable law, and now issues this Order and Reasons.

### BACKGROUND

Defendant Donald Nides is named with Co-Defendants Joseph J. Mogan and Tiffany Miller in a nine-count Indictment.[3]  According to the Indictment, Mogan and Miller operated a pain clinic which was in reality a "pill mill" dispensing controlled narcotics for cash with no legitimate medical purpose.  Nides was a New Orleans Police Department officer deputized with a Drug Enforcement Agency ("DEA") Task Force.  Nides allegedly conspired with Mogan and Miller by passing along information about "red flags" which could alert the DEA to the nature of the pill mill operation, in exchange for cash and sex.

Nides is charged with:

---

[1]   R. Doc. 44.
[2]   R. Doc. 46.
[3]   R. Doc. 1.

- Conspiracy to dispense controlled substances (Count 1);

- Use of a telephone in furtherance of that conspiracy (Count 2);

- Conspiracy to accept bribes in violation of 18 U.S.C. § 201(b)(2) (Count 4);

- Conspiracy to illegally receive property from another under color of official right in violation of 18 U.S.C. § 1951(b)(3) (Count 5);

- Attempted intimidation with intent to prevent communication to law enforcement in violation of 18 U.S.C. § 1512(b)(3) (Count 6); and

- Making false statements in violation of 18 U.S.C. § 1001 (Counts 7-9).

At issue in the Motion to Dismiss are Counts 4, 5, 6, and Overt Acts 6 – 10 of Count 1.  Nides moves to dismiss Counts 4, 5, and 6 as impermissibly vague.  He also challenges Counts 4 and 5, and moves to strike Overt Acts 6 – 10 from Count 1, on statute of limitations grounds.  At issue in the Motion to Review is the Magistrate Judge's order denying his motion for a bill of particulars.

## LAW AND ANALYSIS

### I.    Motion to Dismiss and to Strike

A criminal defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Cr. P. 12(b)(2).  "In this circuit, the propriety of granting a motion to dismiss an indictment under Fed. R. Crim. P. 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005) (quotations and alterations omitted).  The Court can resolve a question of law which depends entirely on undisputed facts, even if those facts go beyond the face of the indictment.  *See id.* at 324-25. But the Court cannot invade the province of the jury by deciding disputed facts to

2

resolve a Rule 12 motion.

### A.      Vagueness

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."   F. R. Cr. P. 7(c)(1).   It must also "clearly inform the defense of what it is that the government intends to prove in satisfying each element of the crime, and must enable the defendant to assert double jeopardy and not be subject to prosecution for charges not presented to the grand jury." *United States v. Kay*, 359 F.3d 738, 756 (5th Cir. 2004).   "An indictment is not insufficient merely because some necessary allegation was stated with less specificity than might have been used.   The sufficiency of an indictment is determined by practical, not technical, considerations."   *United States v. Sutherland*, 656 F.2d 1181, 1197 (5th Cir. 1981).   Generally, an indictment is sufficient if it tracks the language of the statute, "as long as the words used expressly set out all of the elements necessary to constitute the offense."   *See id.*   But "an indictment does not have to set out evidence or details of how a crime was committed as long as it gives the defendant notice of what the government is charging."   *Id.* at 359.   Finally, in "an indictment for conspiracy to commit a criminal offense, the elements of that offense need not be stated with the same particularity as would be required in an indictment for violation of the substantive offense."   *United States v. Perez*, 489 F.2d 51, 70 (5th Cir. 1973).

Nides contends that Counts 4, 5, and 6 are defective because they "fail to specify when, where and how the alleged sex acts, cash payments, and acts of obstruction occurred."[4]   In support, he cites *United States v. Urso*, in which a district court

---

[4]      R. Doc. 44-1 at 14.  Nides also cites the "core of criminality" rule announced in *Russell v. United States*, 369 U.S. 749 (1962).  The "core of criminality" exception plainly does not apply to the charges in the Indictment in this case, which notify Nides of the crimes with which he is charged; any ambiguity "is

dismissed a count that tracked the language of a loan-sharking statute but did not identify the alleged victim, when or where extortion took place, or any other detail. *See* 369 F. Supp. 2d 254, 265-66 (E.D.N.Y. 2005) (dismissing counts which alleged only that the acts "took place during a two-year period, and that some part of the charged criminal activity was carried out within the Eastern District of New York").

The Government responds that Counts 4, 5, and 6 are not vague because they track the language of the statute and because conspiracy charges require less specificity.[5]  The Government also notes that the *Urso* decision denied dismissal with respect to a conspiracy count, which "may be stated with less specificity than an indictment charging the commission of that substantive offense."  *Urso*, 369 F. Supp. 2d at 267-68.

In this case, Counts 4 and 5, the conspiracies to bribe a public official and to extort money under color of official right, are not unconstitutionally vague.  The Government is not obligated to charge Nides with the level of factual detail he demands or to charge every single overt act alleged to have been done in furtherance of the charged conspiracies.  *See Kay*, 359 F.3d at 759; *Perez*, 489 F.2d at 70.  Counts 4 and 5 sufficiently notify Nides of what the Government is charging; the elaboration he demands is not required.

But Count 6, which charges attempted witness intimidation, is too vague.  Count 6 does not inform Nides who the Government alleges he attempted to intimidate and therefore does not inform him "of what it is that the government intends to prove in satisfying each element of the crime" or enable him to "assert double jeopardy and not

more like an absence of detail as to how the crime was committed than a failure to specify what the crime was."  *Kay*, 359 F.3d at 759.
[5] R. Doc. 49 at 8-9.

be subject to prosecution for charges not presented to the grand jury." *Kay*, 359 F.3d at 756.   It merely alleges attempted intimidation "on or about March 14, 2008, and continuing to on or about the date of this indictment, in the Eastern District of Louisiana, and elsewhere."[6]  This is as vague and indeterminate as the counts dismissed in *Urso*, and thus dismissal is warranted here as well.

The Government represented at oral argument that it has informed Nides informally of the alleged victims of the intimidation.  But the Indictment itself remains vague, and it is well settled that even details contained in "a bill of particulars cannot save an invalid indictment." *Russell*, 369 U.S. at 770 ("To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure.").  Nides is not obligated to defend himself against Count 6 as it is presently charged.

Accordingly, the motion to dismiss is denied as to Counts 4 and 5 but granted as to Count 6.

### B.    Statute of Limitations

"The limitations period runs from the last overt act of the conspiracy alleged in the indictment and proved at trial." *United States v. Mann*, 161 F.3d 840, 856 (5th Cir. 1998); *see also United States v. Davis*, 533 F.2d 921, 929 (5th Cir. 1976).  Thus, the indictment must "allege the existence of an ongoing conspiracy, as evidenced by an overt act" committed during the limitations period. *See United States v. Girard*, 744 F.2d 1170, 1171 (5th Cir. 1984).  When the object of a conspiracy has been achieved, subsequent cover-ups are not necessarily in furtherance of the original conspiracy and

---

[6] R. Doc. 1 at 24.

do not necessarily count as overt acts extending the life of the conspiracy for statute of limitations purposes.  *See United States v. Grunewald*, 353 U.S. 391, 401-02 (1957); *Mann*, 161 F.3d at 858.

Nides asserts, and the Government does not dispute, that the relevant cutoff date for the five-year statute of limitations is March 1, 2008.[7]  Therefore, he argues, the Government must allege (and prove at trial) that the Count 4 and 5 conspiracies were in existence on or after March 1, 2008, and an overt act occurred on or after that date.  *E.g.*, *Girard*, 744 F.2d at 1171.  But Nides also contends that the Indictment itself charges the Count 4 and 5 conspiracies ended on March 14, 2008, when he ceased to be a DEA agent.  Therefore, in his view the Government's window for an overt act demonstrating the existence of the Count 4 and 5 conspiracies is between March 1 and March 14, 2008.  He challenges the Government to represent that it can prove an act in furtherance of the Count 4 or 5 conspiracies occurring in that narrow window, or to dismiss the counts as time-barred.[8]  As a corollary to this argument, Nides contends that Overt Acts 6 – 10 of Count 1 of the Indictment, which allege false statements made in 2011 and 2013 and which are incorporated by reference into Counts 4 and 5, were not in furtherance of the completed bribery conspiracies and should be stricken under *Grunewald* as improper attempts to resurrect the completed conspiracies.[9]

The Court cannot resolve these issues on a Rule 12 motion.  Nides' argument depends on factual findings regarding the scope of the conspiracies charged in Counts 4 and 5, when (or if) those conspiracies ended before the Indictment, and whether the acts alleged in Overt Acts 6 – 10 were in furtherance of those conspiracies.  These are not the

---

[7]        R. Doc. 44-1 at 10.  Nides, through a written waiver, extended the limitations period but not as to "any offenses that may already have been prescribed" as of March 1, 2013.  *See id.*
[8]        R. Doc. 44-1 at 18-19.
[9]        R. Doc. 44-1 at 11-12.

sort of undisputed facts on which the Court can rely to resolve a pure question of law. *See Flores*, 404 F.3d at 324-25.  If Nides has a statute of limitations defense to Counts 4 and 5, under these circumstances it must be raised after trial on a motion for acquittal. *See Davis*, 533 F.2d at 923, 929 (concluding that statute of limitations barred prosecution and stating that district court should have granted motions for judgment of acquittal, not pretrial motions to dismiss).

Accordingly, the Court cannot decide the statute of limitations issues raised by Nides' motion at this time, and the motion is denied insofar as it seeks to dismiss Counts 4 and 5 and to strike Overt Acts 6 – 10. [10]

## II.   Motion to Review Magistrate Judge's Ruling

Nides also moves to review the Magistrate Judge's order denying his motion for a bill of particulars.  "The purpose of a bill of particulars is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense." *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005).  On the facts of this case, the Court concludes that a bill of particulars is warranted to add a degree of factual specificity to the Indictment, which alleges conduct over a broad time span. Accordingly, the Government shall, to the extent it is currently in possession of the information, produce to Nides a bill of particulars listing the identity of any co-

[10]      If this case proceeds to trial and Nides is convicted on Counts 4 and 5, the Court would be in a better position to revisit these issues.  The Court reiterates that the Government has the burden to show "the existence of the conspiracy within the five years prior to the return of the indictment" and to "allege and prove at least one overt act by one of the conspirators within that period in furtherance of the conspiratorial agreement."  *Davis*, 533 F.2d at 926 (emphasis added).  Overt acts not alleged in the indictment, even if proved at trial, will not establish the existence of a conspiracy for statute of limitations purposes.  *See id.* at 929.  If it becomes apparent after trial that the Count 4 and 5 conspiracies ended on March 14, 2008, or if Overt Acts 6 – 10 were not in furtherance of those conspiracies, then the Government would have to rely on some overt act actually alleged in the indictment to establish the existence of the Count 4 and Count 5 conspiracies between March 1 and 14, 2008.  Because the Indictment is long on generalities but short on dates, the Government could have difficulty carrying that burden.

conspirators other than those identified in the Indictment, and the locations and approximate dates on which the Government alleges a sex act or receipt of cash took place.  The Government shall produce this bill of particulars on or before **July 7, 2014**.

**CONCLUSION**

Accordingly, for the foregoing reasons Nides' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**, and Count 6 of the Indictment is **DISMISSED**. Nides' motion to review the Magistrate Judge's order denying his motion for a bill of particulars is **GRANTED** as set forth herein.

New Orleans, Louisiana, this 26th day of June, 2014

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE