UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-40** |
| **DONALD NIDES** | **SECTION "E"(3)** |

**ORDER**

Pending before the Court is Defendant Donald Nides's motion to sever counts 7 and 9 from the trial of the remaining counts pursuant to Rule 14.[1] Defendant contends that joining counts 7 and 9 with the other counts "is prejudicial because it will cause confusion, spill-over, and unnecessarily portray Nides as a 'bad person.' Moreover, trying the defendant on counts 8 and 9 together will implicate the constitutional issue of the Double Jeopardy Clause of the Fifth Amendment because it shields a defendant from even the risk of being punished twice for the same offense."[2] The Government argues that there is not prejudice requiring severance because evidence of counts 7 and 9 would be admissible at trial as to the others, and vice versa, and that double jeopardy is not implicated with respect to counts 8 and 9.[3]

The use of a Rule 14 motion to sever challenges the joinder of offenses that are "properly joined under Rule 8" but "prejudicially joined" under Rule 14.[4] Rule 14(a) states that "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a

---

[1] R. Doc. 65.
[2] R. Doc. 65-1 at p. 6 (emphasis omitted).
[3] R. Doc. 83 at p. 3, 6.
[4] *United States v. St. Martin,* 119 F. App'x 645, 648 (5th Cir. 2005). Defendant acknowledges that the counts appear to be properly joined under Rule 8(a) as being of the same or similar character. R. Doc. 65-1 at p. 6.

defendant or the government, the court may order separate trials of counts."[5] The Court is to "balance the prejudice to the defendant against the interests of judicial economy."[6]

In arguing that Defendant is not prejudiced, the Government cites *United States v. Ballis*, in which the Fifth Circuit affirmed the district court's denial of a severance motion.[7] The Fifth Circuit explained that "[n]o prejudice inures to the defendant where a severance of counts would not result in a segregation of evidence."[8] Even if the counts at issue were severed and tried separately, evidence of the obstruction of justice charge would be probative evidence and admissible against Defendant to prove consciousness of guilt with respect to counts 7 and 9.[9] Similarly, evidence of counts 7 and 9 would be admissible with respect to the conspiracy and obstruction charges.[10] For that reason, Defendant is not prejudiced by the joinder of counts 7 and 9 with the other counts.

Although Defendant briefly argues that there are double jeopardy implications,[11] the Court finds that the superseding indictment clearly describes separate instances of false statements to a federal agent in counts 8 and 9. Thus, double jeopardy is not implicated. Accordingly,

**IT IS ORDERED** that Defendant Nides's motion to sever is **DENIED**.

**New Orleans, Louisiana, this** 10th **day of** October **, 2014.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[5] Fed. R. Civ. P. 14(a).
[6] *U.S. v. Forrest*, 623 F.2d 1107, 1115 (5th Cir. 1980) (citing *U.S. v. Cuesta*, 597 F.2d 903, 919 (5th Cir. 1979)).
[7] R. Doc. 83 at p. 4; 28 F.3d 1399, 1408–09 (5th Cir. 1994).
[8] 28 F.3d at 1408–09.
[9] *See id.*
[10] *Id.*
[11] R. Doc. 65-1 at p. 6–7.