UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-40 |
| DONALD NIDES | SECTION "E"(3) |

ORDER

Before the Court is the Government's notice of intent to offer evidence of other acts pursuant to Rule 404(b) of the Federal Rules of Evidence.[1] Defendant Nides responded, requesting that the evidence be excluded.[2] Having considered the memoranda, the evidence being offered by the Government, and the applicable law, the Court finds that the evidence of other acts is admissible pursuant to Rules 404(b) and 403 of the Federal Rules of Evidence.

BACKGROUND

This criminal case arises out of the operation of "pill mill" pain management clinics by Tiffany Miller ("Miller") and Joseph Mogan ("Mogan), who conspired "to dispense quantities of oxycodone (oxycontin), opana, MS contin, methodone, hydromorphone, hydrocodone, alprazolam, diazepam, clonazepam, butalbital, carisprodal, and other Schedule II, III, and IV controlled substances outside the scope of professional practice and not for a legitimate medical purpose," and Defendant Nides's alleged assistance in covering up that activity while a New Orleans Police Department officer deputized as a Drug Enforcement Agency ("DEA") Tactical Diversion Task Force

---

[1] R. Doc. 91.
[2] R. Doc. 95.

1

member.[3] Nides was indicted on February 21, 2014 with eight charges.[4] A superseding indictment was returned on August 8, 2014, which added a ninth charge.[5]

The Government filed a notice of intent to use evidence of other acts, giving Nides notice that it intends to introduce: (1) 404(b) extrinsic evidence relating to the corrupt law enforcement conduct of Defendant Nides involving Advanced Medical Management and the Paul Toye family, and (2) intrinsic evidence of the crimes charged in the indictment relating to Nides's disclosure of confidential law enforcement information to Tiffany Miller about the Global Health Care search.[6] Nides objects to the evidence being offered and requests it be excluded.[7]

## DISCUSSION

Under Federal Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[8] "The proper test to apply in deciding the admissibility of 'similar acts' or 'other acts' evidence depends upon whether the evidence in question is 'intrinsic' or 'extrinsic' evidence."[9] The Government has provided notice to Nides prior to trial that it seeks to introduce both extrinsic evidence pursuant to Rule 404(b) and intrinsic evidence.

---

[3] R. Doc. 71 at pp. 2–5. Miller and Mogan both pleaded guilty on October 29, 2014. R. Doc. 127.
[4] R. Doc. 1.
[5] R. Doc. 71.
[6] R. Doc. 91.
[7] R. Doc. 95.
[8] Fed. R. Evid. 404(b).
[9] *U.S. v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990) (citations omitted).

### A. 404(b) Extrinsic Evidence

The Government seeks to introduce extrinsic evidence relating to the corrupt law enforcement conduct of Defendant Nides involving Advanced Medical Management and the Paul Toye family in order to prove Nides's "knowledge, intent, and employment of a common plan or pattern of conduct in the charged offense."[10] The parties agree that the two-step test articulated in *United States v. Beechum* governs the admissibility of evidence of extrinsic offenses, acts, and other wrongs.[11] "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character," and "[s]econd, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403."[12]

Nides argues that *Beechum*'s warning of the dangers inherent in extrinsic offense evidence is applicable here:

> "One of the dangers inherent in the admission of extrinsic offense evidence is that the jury may convict the defendant not for the offense charged but for the extrinsic offense. This danger is particularly great where, as here, the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged."[13]

Because there have not been any convictions related to the American Medical Management clinic, Nides argues this danger is particularly great in this case because the extrinsic activity was not the subject of a conviction.

To determine relevancy under the first prong of the *Beechum* test, Rule 401 provides that "[e]vidence is relevant if . . . it has any tendency to make a fact more or

---

[10] R. Doc. 91 at p. 15.
[11] 582 F.2d 898, 911 (5th Cir. 1978) (en banc).
[12] *Id*. The Court finds that a reasonable jury could conclude that Nides committed the extrinsic offense.
[13] R. Doc. 95 (quoting 582 F.2d at 914 (citations omitted)).

3

less probable than it would be without the evidence."[14] "The relevancy of the evidence 'must be assessed by comparing the state of mind required for the past and present offenses.'"[15] Additionally, in conspiracy cases in which the defendant pleads not guilty, "[e]vidence of such extrinsic offenses as may be probative of a defendant's state of mind is admissible unless he 'affirmatively take(s) the issue of intent out of the case," since "a not guilty plea renders the defendant's intent a material issue and imposes a difficult burden on the government."[16] In this case, the Court finds the evidence is "relevant to an issue other than the defendant's character."[17] As the Government argues in its notice of intent, this extrinsic act evidence is "related to the same state of mind, intent, or mode of operation," so "the relevancy prong of the two-prong *Beechum* test is satisfied."[18]

*Beechum* also requires that "the evidence . . . possess probative value that is not substantially outweighed by its undue prejudice and . . . meet the other requirements of rule 403."[19] This requires the Court to conduct a "commonsense assessment of all the circumstances surrounding the extrinsic offense."[20] In performing the Rule 403 balancing test and considering all of the circumstances surrounding the extrinsic act evidence, the Court finds that the possibility of undue prejudice does not substantially outweigh the probative value of the evidence in this case. Even though there may not have been charged crimes or convictions resulting from this conduct,[21] the extrinsic act evidence is probative of Nides's knowledge, intent, and employment of a common plan

---

[14] Fed. R. Evid. 401.
[15] *U.S. v. Scott*, 48 F.3d 1389, 1396 (5th Cir. 1995) (citing *U.S. v. Devine,* 934 F.2d 1325, 1346 (5th Cir. 1991)).
[16] *U.S. v. Roberts*, 619 F.2d 379, 382–83 (5th Cir. 1980) (quoting *U.S. v. Williams*, 577 F.2d 188 (2d Cir. 1978)).
[17] *U.S. v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).
[18] R. Doc. 91 at p. 12.
[19] *Id*.
[20] *Beechum*, 582 F.2d at 914.
[21] Rule 404(b) refers to other crimes as well as other wrongs or acts. Fed. R. Evid. 404(b). Such evidence is admissible, provided it meets the *Beechum* two-pronged test.

or pattern of conduct in the charged offenses. Further, a proper jury instruction regarding the use of this evidence will adequately protect the Defendant against any potential prejudice. For that reason, the Court finds that this evidence is admissible.

**B. Intrinsic Evidence**

The Government also seeks to introduce intrinsic evidence of the crimes charged in the indictment relating to Nides's disclosure of confidential law enforcement information to Tiffany Miller about the Global Health Care search. The Government argues that "the unlawful conduct related to Global Health Care is included as a part of the charged offenses in the indictment and is therefore intrinsic and admissible."[22]

The Fifth Circuit has held that "'evidence of an uncharged offense arising out of the same transaction or series of transactions as the charged offense is not an 'extrinsic' offense within the meaning of Rule 404(b)" and is therefore not barred.[23] Similarly, evidence of another act is intrinsic if it and "evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged."[24] "This evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place."[25]

Defendant Nides's response is premised entirely on his Motion to Sever Counts 7 and 9 from the remainder of the indictment.[26] Defendant contends that the Global Counts, Counts 7 and 9, if intrinsic at all were intrinsic to the Florida case: "Should the Court grant the severance motion, that will presumably moot the admissibility of the

---

[22] R. Doc. 91 at p. 6.
[23] *U.S. v. Kloock*, 652 F.2d 492, 494 (5th Cir. 1981).
[24] *U.S. v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996) (quoting *U.S. v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)).
[25] *Id.* (citing *Kloock*, 652 F.2d at 494–95).
[26] R. Doc. 65; R. Doc. 95 at pp. 1–2.

Global evidence as intrinsic evidence in the trial of the remaining counts of the indictment."[27] The Court denied the motion to sever.[28] Counts 7 and 9 remain in the superseding indictment and will be decided at the jury trial scheduled in this case. Clearly, information relating to Nides's 2008 disclosure of confidential law enforcement information to Tiffany Miller about the Global search is intrinsic evidence with respect to Counts 7 and 9, which charge Nides with false statements to a federal agent relating to that conduct. Accordingly, this evidence is admissible.

## CONCLUSION

For the foregoing reasons, the Court finds that the evidence of other acts as specified in the Government's notice of intent is admissible.

**New Orleans, Louisiana, this 3rd day of November, 2014.**

*Susie Morgan*
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[27] R. Doc. 95 at p. 2.
[28] R. Doc. 108.